ANTONIO ROIG, SUCCRS., *S. en C.*, Plaintiff and Appellee, *v.* JOSÉ LLONA, Defendant and Appellant.

No. 7194. Argued November 25, 1936.—Decided July 16, 1937.

*R. García Cintrón* for appellant. *González Fagundo & González Jr.* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

José Llona was the lessee of the predecessor in title of Antonio Roig, Succrs., *S. en C.* There can be no doubt that under Section 1461 of the Civil Code (1930 ed.) the person who buys a leased piece of property is not bound to respect the lease, except under conditions which do not exist in the present case. José Llona, however, when a suit in unlawful

detainer was brought against him, claimed the right of homestead. The District Court of Humacao rendered a judgment ordering the ouster of the defendant. At least, this would appear to be so, although we do not find in the record before us a copy of the judgment. This has been the assumption of the parties. An appeal was taken from a judgment rendered on the 18th of September, 1935.

██ The facts were that the defendant was originally the owner of the property; that he lost title to the same in a summary foreclosure proceeding; that he and the mortgagee who had purchased at the foreclosure sale, got together subsequently and agreed that José Llona should continue in possession, paying a stipulated rent; that the homestead claimant held the property under lease for eight years. It appears from the record that at the time of the sale of the property to the plaintiff the letting had become one from month to month. Section 1 of the old Homestead Law (Section 1000, Comp. Stat. 1911) provided as follows:

"That every householder, having a family, shall be entitled to an estate of homestead to the extent and value of five hundred dollars in a farm, plantation, or lot of land, and buildings thereon, owned, or lawfully possessed, by lease or otherwise, and occupied by him, or her, as a residence, and such homestead and all right and title therein, shall be exempt from attachment, judgment, levy or execution, except for the taxes due thereon, or purchase price of said property, or liability incurred for the improvements placed thereon, and except as hereinafter prescribed: *Provided,* That in the case of a lease or other similar contract nothing herein contained shall be construed to prohibit the landlord or owner of the said farm, plantation or lot of land and the buildings thereon from reentering the said premises in accordance with the terms of the said lease and contract upon a breach of the conditions thereof."

The court below was of the opinion, and we agree, that the word lease, as used therein, refers to a right of property in a leasehold interest, it may be said, generally in writing; that the idea of a lease is something that has a market value; and that it is evident that it could not be the intention of the

Legislature that any monthly letting should give the tenant a right to stay in possession of property beyond the term of one month or to have five hundred dollars deducted from a sale, not of the lease, but of the property itself. The words of the statute would presuppose that the lease itself was being sold and not the property. Some of these and perhaps other considerations are to be found in the reasoned opinion of the court below.

The only matter that remains to be considered is whether or not Llona remained in possession of the premises as owner. The edifice was partly used as a theatre, and as a possible homesteader, Llona only occupied a very small portion of the same with his family. Some time after the mortgage foreclosure proceeding was concluded Llona accepted a lease of the whole premises from the purchaser at the judicial sale. He recognized the ownership and possession of that purchaser, accepted a lease from him and paid rent thereunder for eight years. At the moment of the acceptance of the lease and during the eight years of his tenancy, Llona had no possession as homesteader. He had abandoned that by accepting the lease. *Allegens contraria non est audiendus.* His possession as owner had ceased. Not only is this true but the present plaintiff on purchasing the property had no reason to believe that Llona was occupying the premises in any concept except that of a tenant.

Llona was in possession of the whole building as tenant, and he could have no independent possession of a small part thereof as homesteader or owner. Given his silence for eight years, we are furthermore of the opinion that he is estopped to assert any homestead lien. As during all this time, under the Civil Code, the landlord was bound to protect the possession of his tenant Llona, the former could not be supposed to be giving support to an adverse claim.

Certainly if Llona had abandoned the possession and moved elsewhere his subsequent acceptance of a lease from the purchaser at the foreclosure sale could not revive the

right of homestead. The law does not require a vain and useless thing, and if, instead of moving all his goods and chattels from the premises he immediately accepted a lease from the mortgage creditor, the mere fact of his having failed to move from the premises should not play any great role.

The judgment appealed from should be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.

Mr. Justice Hutchison dissented.